1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAMSON YOHANNES,                    )
                                    )
        Petitioner,                 )
                                    )        CASE NO.  C03-0490L
    v.                              )
                                    )
JOHN D. ASHCROFT, *et al.*,[1]      )        REPORT AND
                                    )        RECOMMENDATION
        Respondents.                )
_____)

15                          **INTRODUCTION**

16      Petitioner is a native and citizen of Eritrea.  On February 24, 2003, he filed, through counsel,

17  a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that his due process

18  rights were violated during his removal proceedings when the Immigration Judge ("IJ"), and

19  subsequently the Board of Immigration Appeals ("BIA"), incorrectly determined that he had been

20  convicted of an "aggravated felony," and denied his application for asylum and withholding of

21

22      [1]Pursuant to the Homeland Security Act of 2002, 116 Stat. 2135, Pub. L. 107-296,
23  codified at 6 U.S.C. §§ 101, *et seq.*, alien detention, deportation, and removal functions were
    transferred from the Department of Justice to the Department of Homeland Security ("DHS")
24  on March 1, 2003.  6 U.S.C. § 251 (2002).  Within the DHS, the former Immigration and
    Naturalization Service ("INS") was reorganized into three bureaus serving separate functions.
25  The Bureau of Immigration and Customs Enforcement ("BICE") is now responsible for
    removals and investigations.  Because this case was filed prior to the reorganization, the Court
26  will refer both to the former INS and to the BICE within this Report and Recommendation.

REPORT AND RECOMMENDATION
PAGE – 1

removal.  Petitioner further alleges that he remains in "refugee" status, despite his adjustment to "lawful permanent resident" status, and therefore, the government is barred from removing him. This case is one of several cases filed in this District that challenge the constitutionality of the BIA "streamlining" procedures," codified at 8 C.F.R. § 1003.1(a)(7).[2] (Dkt. #1).  Respondents argue that this habeas petition should be dismissed.  (Dkt. #34).

After carefully reviewing the record, I recommend that the Court DENY petitioner's habeas petition (Dkt. #1), and GRANT respondents' motion to dismiss.  (Dkt. #34).

## BACKGROUND

Petitioner Samson Yohannes is a native and citizen of Eritrea, who entered the United States as a refugee on April 14, 1983.  (Dkt. #9 at L246).  On July 19, 1984, petitioner's status was adjusted to Lawful Permanent Resident retroactive to his date of entry pursuant to section 209(a) of the Immigration and Nationality Act ("INA").  (Dkt. #9 at L246).

On August 1, 1997, petitioner was convicted in the Superior Court of Washington for King County of criminal possession of cocaine in violation of RCW 69.50.401.  On September 11, 1998, petitioner was again convicted in King County Superior Court of the same offense.  On November 9, 1998, the INS issued a Notice to Appear, placing petitioner in removal proceedings and alleging removability under INA § 237(a)(2)(A)(iii), for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(B).  (Dkt. #9 at L22).

*1.    Removal Proceedings*

Petitioner appeared, with counsel, at his removal proceedings and requested asylum and withholding of removal.  (Dkt. #9 at R141, R132, R126, R112).  On February 25, 1999, the Immigration Judge ("IJ") heard testimony from petitioner as well as from petitioner's mother and father.  (Dkt. #9 at R85-112).  On March 9, 1999, the IJ issued a written decision, denying petitioner's application for asylum and withholding of removal, and ordering him removed to Eritrea.

---

[2]Case Nos. C02-1827P, C02-1917P, C02-2330L, C02-2387Z, C02-2196FDB, C03-0002P, C03-0490L, C03-0726L, C03-3143P, and C04-949FDB.

REPORT AND RECOMMENDATION
PAGE – 2

1    (Dkt. #9 at L329).   Specifically, the IJ found that because petitioner had been convicted of

2    possession of cocaine twice, the second offense was deemed an aggravated felony.  Accordingly, the

3    IJ determined that he was not eligible for asylum and pretermitted his application.  The IJ also

4    determined that petitioner did not merit withholding of removal, finding that he had failed to establish

5    that if he were removed to Eritrea, it is more likely than not that he would be subject to persecution

6    based on any one of the five grounds specified in INA §241(b)(3).  (Dkt. at 321).

7        *2.    BIA Appeal*

8        On March 24, 1999, petitioner filed, pro se, a timely appeal with the Board of Immigration

9    Appeals ("BIA"), contending that the IJ erred in finding that he had been convicted of an aggravated

10   felony, and in denying his application for withholding of removal.  Petitioner indicated in his Form

11   EOIR-26 Notice of Appeal that he would also file a separate written appeal.  (Dkt. #9 at R78).  On

12   December 21, 1999, the BIA issued a briefing schedule, granting petitioner until Thursday, January

13   20, 2000, to submit an appeal brief.  The briefing notice warned that the brief "must be RECEIVED

14   at the Board on or before this date."  (Dkt. #9 at R159).  The briefing notice further warned, "Any

15   submission filed with the Board without a certificate of service on the opposing party will be

16   rejected."  (Dkt. #9 at R158).  The BIA received petitioner's appeal brief on Monday, January 24,

17   2000.  The INS submitted its brief on February 16, 2000.  (Dkt. #9 at R164).  On March 6, 2000,

18   the BIA rejected petitioner's brief and returned it to petitioner, stating that it was not filed within the

19   prescribed time limits, and that it did not include proof of service.  (Dkt. #9 at R166).  On September

20   16, 2002, the BIA affirmed the IJ's decision without opinion.  (Dkt. #9 at L333).  Petitioner states

21   that he did not receive a copy of the BIA's decision, and therefore, was not informed of its decision

22   at the time it was issued.  (Dkt. #37 at 3).

23       *3.    Habeas Petition*

24       On February 4, 2003, the INS ordered petitioner to report for removal to Ethiopia[3] on

25   ───────────────────────

26       [3]The INS states that the February 3, 2003, letter erroneously stated removal to Ethiopia
     rather than Eritrea, and that the INS does not plan to remove petitioner to Ethiopia.  (Dkt. #8 at

REPORT AND RECOMMENDATION
PAGE – 3

1  February 25, 2003.  (Dkt. # 9 at R171).  On February 24, 2003, petitioner filed, through counsel,

2  the instant habeas petition, along with a request for stay of removal.  (Dkt. #1).  On the same day,

3  petitioner also filed a motion to permit discovery.  (Dkt. #2).  The Court subsequently granted

4  petitioner's request for stay of removal pending resolution of this habeas petition.  (Dkt. # 3).

5      On March 10, 2003, respondents filed a response to petitioner's motion to permit discovery,

6  or in the alternative, to hold these proceedings in abeyance.  (Dkt. #5).  In their motion, respondents

7  explained that the Ninth Circuit Court of Appeals had recently consolidated several cases before it

8  that involved the BIA streamlining issues.  Respondents requested that the Court stay the instant

9  proceedings until the Ninth Circuit had ruled on the cases.  On March 18, 2003, the Court granted

10  respondents' motion to hold the proceedings in abeyance, and ordered the parties to file a Joint

11  Status Report ("JSR") no later than May 23, 2003, regarding the Ninth Circuit's decision in the

12  streamlining cases.[4]  (Dkt. #7).

13      On May 29, 2003, the parties filed their JSR and a stipulation to continue to hold the

14  proceedings in abeyance,  informing the Court that the Ninth Circuit had dismissed the consolidated

15  cases for lack of subject matter jurisdiction, but that the Ninth Circuit was considering four new

16  cases that raised the same constitutional challenge to the streamlining procedures.  The parties asked

17  that the proceedings be further held in abeyance until those latter cases are resolved.  (Dkt. #11).

18  On September 5, 2003, the parties filed another stipulation to hold the proceedings in abeyance,

19  explaining that the Ninth Circuit had reached a decision in one of the cases, but that the decision was

20  pending rehearing.  (Dkt. #12).  On February 2, 2004, the parties filed an agreed order lifting the

21  abeyance and setting a new briefing schedule.  (Dkt. #15).

22

23      Ex. A, Decl. of Kenneth S. Hamilton).

24

25      [4]The Court subsequently entered similar orders in the other streamlining cases pending

26  before this Court.

REPORT AND RECOMMENDATION
PAGE – 4

1    On May 17, 2004, petitioner filed another motion to permit discovery. (Dkt. #17). In his

2  motion, petitioner argued that additional evidence was necessary for this Court to determine whether

3  the BIA erroneously employed the summary affirmance procedure to his appeal, and "abdicat[ed]

4  its statutorily-mandated role of appellate review." (Dkts. #2 at 2-3 and #17 at 8). Respondents

5  opposed the motion, arguing that the Ninth Circuit in *Carriche v. Ashcroft*, 350 F.3d 845 (9th Cir.

6  2003), foreclosed due process challenges to the BIA streamlining procedures, and that petitioner

7  had shown no good cause to permit discovery in this habeas case. (Dkt. #21 at 1-3).

8    On August 30, 2004, the Court denied petitioner's motion for discovery and ordered

9  respondents' to file a supplemental Return and Status Report ("RSR"). (Dkt. #31). On October 18,

10  2004, respondents filed a supplemental RSR, along with a motion to dismiss. (Dkt. #34). The

11  briefing is now complete and the petition and motion to dismiss are ready for review.

12                                    **DISCUSSION**

13    *Due Process Claims*

14    Petitioner first claims that his due process and equal protection rights were violated by the

15  "refusal of defendants to consider Petitioner's family relationships, his rehabilitation, the hardships

16  that he will suffer in Eritrea and other humanitarian factors, before ordering him removed." (Dkt.

17  #1 at 5). Respondents argue that petitioner's claim is meritless. (Dkt. #34 at 7). The Court agrees

18  with respondents. Petitioner provides absolutely no showing that he or his attorney were not

19  allowed to present evidence to the IJ that would have supported his case. To the contrary, the

20  record shows that petitioner was provided a full and fair hearing, and that his counsel presented

21  documentary evidence and testimony from petitioner and both of his parents in support of his case.

22  (Dkt. #9 at R112-85). Petitioner was also released on bond during the pendency of his removal

23  proceedings, and was presumably able to assist counsel with his defense. (Dkt. #9 at R43). Based

24  on this record, the Court finds that petitioner's allegation of the IJ's failure to consider evidence is

25  unfounded.

26    Petitioner next claims that his due process and equal protection rights were violated by the

REPORT AND RECOMMENDATION
PAGE – 5

1   INS's failure to adopt a procedure allowing lawful permanent residents to file an application for
2   waiver, and by the INS's policy of automatically ordering individuals deported without considering
3   whether deportation is reasonable. (Dkt. #1 at 5).  Again, petitioner provides no argument and no
4   factual basis for these assertions; nor does petitioner provide citations to regulations, policies, or
5   statutes in support of these claims.  Accordingly, the Court agrees with respondents that it is not
6   entirely clear what claim for relief petitioner is seeking.  Thus, petitioner has not sustained his burden
7   of proving that the alleged constitutional violations occurred, and relief cannot be awarded.

8       *Refugee Status Claim*

9       Petitioner's third claim for relief, made for the first time in his habeas petition, is that his
10  refugee status has never been terminated pursuant to 8 C.F.R. § 207.9, and therefore, respondents'
11  efforts to deport him violate the Geneva Convention Relating to the Status Against Refugees, 189
12  U.N.T.S. (July 28, 1951), and the United States immigration laws and regulations which implement
13  the Convention. (Dkt. #1 at 6).  Petitioner further argues that because he remains a refugee, he is
14  not subject to removal proceedings and his order of removal is void and of no legal effect. (Dkt. #1
15  at 6). Finally, petitioner contends that because he is a refugee, the IJ erred in not permitting him to
16  apply for a refugee waiver under INA § 209(c).  (Dkt. #37 at 10).  Respondents argue that
17  petitioner's refugee status terminated by operation of law on July 19, 1984, when his status was
18  adjusted to lawful permanent resident retroactive to April 14, 1983, when he entered the country.
19  (Dkt. #34 at 9).

20      The Court finds that it does not have jurisdiction to review petitioner's refugee status claim
21  because he did not raise the issue before the IJ or BIA.  The Ninth Circuit has held that "[b]efore a
22  petitioner can raise an argument on appeal, the petitioner must first raise the issue before the BIA
23  or IJ.  INA § 242(d), 8 U.S.C. § 1252(d)."  *Sun v. Ashcroft*, 370 F.3d 932, 936 (9th Cir. 2004).
24  Likewise, a petitioner must exhaust administrative remedies before raising constitutional and
25  statutory claims in a habeas petition when those claims could have been raised before the agency.
26  *Id.*

REPORT AND RECOMMENDATION
PAGE – 6

1    Petitioner makes no allegation that he ever applied for a section 209(c) refugee waiver he now

2    claims, nor does the administrative record contain such application.  The Ninth Circuit has

3    specifically determined that the question – whether an alien originally admitted as a refugee should

4    be permitted to apply for a refugee waiver under INA § 209(c) – must first be raised before the

5    agency.  *Sun*, 370 F.3d at 943.  As the Ninth Circuit explained, "by requiring exhaustion of

6    [petitioner's] claim, § 1252(d)(1) would have given the agency an opportunity fully to address the

7    implications of terminated LPR status for those admitted as refugees, including the availability of a

8    [refugee] waiver, to the benefit of all parties and courts involved in this habeas litigation." *Id.* at 944.

9    This Court therefore concludes that petitioner's third claim falls within the scope of § 1252(d)(1)'s

10   exhaustion requirement.  Accordingly, petitioner's failure to exhaust his administrative remedies

11   prevents this Court from reviewing his refugee status claim.

12       *Erroneous Letter Regarding Removal to Ethiopia*

13       Petitioner next claims that his removal to Ethiopia, when he is not a citizen of Ethiopia and

14   has never resided there, would be a violation of the INA and international law.  (Dkt. #1 at 6).

15   Respondents explain that the February 3, 2003 letter advising petitioner of his removal to Ethiopia

16   rather than Eritrea was a clerical error, and that the INS does not plan to remove petitioner to

17   Ethiopia.  (Dkt. #8 at Ex. A, Decl. of Kenneth S. Hamilton).  Accordingly, this matter is resolved,

18   and the Court need not address this claim.

19       *BIA Streamlining Procedure*

20       Petitioner next claims that the BIA's summary affirmance of the IJ's decision to deny relief

21   from removal was not appropriate in his case.  (Dkt. #1 at 7).  Under the summary affirmance

22   procedure, a single member of the BIA can review and affirm the IJ's opinion, bypassing the

23   traditionally employed three-member panel review. 8 C.F.R. § 1003.1(e).  If this procedure is used,

24   the BIA must affirm the IJ's decision without opinion, and the IJ's opinion becomes the final agency

25   decision.

26       The Ninth Circuit Court of Appeals has determined that the BIA's streamlining procedures

REPORT AND RECOMMENDATION
PAGE – 7

1  do not violate an alien's due process rights.  *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849-52

2  (9th Cir. 2003).  Thus, petitioner's due process challenge to the BIA's streamlining of his appeal is

3  foreclosed by *Falcon Carriche.  Id.*

4        The Ninth Circuit has also examined whether the BIA has violated its own regulations in

5  employing the procedure.  *Chen v. Ashcroft*, 378 F.3d 1081, 1087-88 (9th Cir. 2004).  In making its

6  determination in *Chen*, the Ninth Circuit examined whether petitioner has presented an "issue on

7  appeal [that] is squarely controlled by existing Board or federal court precedent and does not involve

8  the application of precedent to a novel fact situation," or whether "the factual and legal questions

9  raised on appeal are so insubstantial that three-Member review is not warranted."  *Chen*, 378 F.3d

10 at 1086 (quoting 8 C.F.R. § 1003.1(a)(7)(ii)).  The *Chen* court explained, "[b]ecause the BIA's

11 decision does not indicate which subsection of the streamlining regulation it found to authorize

12 summary affirmance, we consider whether either subsection applies."  *Id.*

13       In *Chen*, the petitioner raised "a novel question" that had not been previously addressed by

14 the BIA or the Ninth Circuit; namely, whether a grant of deferred enforced departure status must

15 be construed as a grant of parole, thereby making Chen eligible for adjustment of status under the

16 Chinese Student Protection Act.  *Chen*, 378 F.3d at 1085.  The court concluded that because neither

17 subsection permitted summary affirmance of petitioner's appeal, the BIA had erred in employing the

18 summary affirmance procedure, and remanded the case back to the BIA for consideration by a three-

19 member panel.  *Id.* at 1087-88.

20       Petitioner argues that, as in *Chen*, the issues on appeal are not squarely controlled by existing

21 BIA or federal court precedent, and therefore, the BIA's decision to streamline his appeal was

22 unjustified.  (Dkt. #37 at 15-16).  Respondents argue that petitioner's case raised familiar issues of

23 defining aggravated felony crimes, and determining whether his late brief was properly rejected.

24 (Dkt. #38 at 9).  Again, the Court agrees with respondents.  Petitioner's case, unlike Chen's, is

25 squarely controlled by existing precedent and does not involve the application of such precedent to

26 a novel factual situation.  Furthermore, there is nothing novel or unique about petitioner's factual

REPORT AND RECOMMENDATION
PAGE – 8

1  situation. Accordingly, the Court finds that the BIA's decision to streamline petitioner's case was

2  appropriate because the issues it raised were clearly controlled by existing precedent.

3       *Respondents' Motion to Dismiss*

4       Petitioner raises several additional claims for the first time in response to respondents' motion

5  to dismiss. (Dkts. # 37). Petitioner argues that (1) the IJ was erroneous in finding that petitioner

6  had been convicted of an aggravated felony; (2) the IJ was erroneous in finding that petitioner had

7  not established a well-founded fear of persecution; (3) the IJ and the BIA were erroneous in failing

8  to consider petitioner's application for relief under the Convention Against Torture ("CAT"); and

9  (4) the BIA violated INS regulations and petitioner's due process rights by refusing to accept his late

10  filed appeal brief. (Dkt. # 37).

11       1.    Aggravated Felony

12       Petitioner disputes that he has been convicted of an "aggravated felony," claiming that his

13  convictions for possession of cocaine are misdemeanor offenses under federal law and cannot be

14  aggravated felonies. (Dkt. # 37 at 4-5). Respondents argue lack of jurisdiction to review

15  petitioner's aggravated felony claim because petitioner failed to exhaust his judicial remedies. (Dkt.

16  # 43 at 2).

17       The Ninth Circuit has held that district courts should dismiss a habeas petition if the petitioner

18  has failed to first exhaust his administrative and judicial remedies. *See Laing v. Ashcroft*, 370 F.3d

19  994, 995, 999-1001 (9th Cir. 2004)(holding that failure to file a timely petition for review challenging

20  the aggravated nature of felony conviction bars habeas review); *see also Acevedo-Carranza v.*

21  *Ashcroft*, 371 F.3d 539, 541-42 (9th Cir. 2004)(same). In *Laing*, the Court of Appeals determined

22  that such exhaustion includes the timely filing of a Petition for Review in the appropriate court of

23  appeals. *Laing*, 370 F.3d at 998. The Court further determined that even an alien found to have

24  been convicted of an aggravated felony, which would typically divest the court of appeals of

25  jurisdiction to review the order of removal, must file a Petition for Review. *Laing*, 370 F.3d at 999.

26       In limited circumstances, district courts retain habeas jurisdiction over allegations of

REPORT AND RECOMMENDATION
PAGE – 9

1  constitutional and statutory violations during administrative removal proceedings.  *See INS v. St.*

2  *Cyr*, 533 U.S. 289 (2001); *see also Gutierrez-Chavez v. INS, et al.*, 298 F.3d 824 (9th Cir. 2002);

3  *Laing,* 370 F.3d at 994.  Habeas jurisdiction remains available for review of immigration proceedings

4  only where petitioner has no other available remedy.  *See, e.g.*, *Taniguchi v. Schultz*, 303 F.3d 950,

5  955 (9th Cir. 2002).  Where, as here, an alien challenges his status as an aggravated felon, the

6  "jurisdictional question and the merits collapse into one," and the Court of Appeals will decide the

7  issue.  *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2004).  Because the Ninth Circuit had

8  jurisdiction to decide petitioner's claim had he filed a timely petition, this Court finds that petitioner

9  has failed to exhaust his judicial remedies, divesting this Court of jurisdiction.

10      2.    Withholding of Removal

11      Petitioner contends that he is entitled to withholding of removal because he testified credibly

12  that he has a well founded fear of persecution.  (Dkt. #37 at 12).  An alien is eligible for withholding

13  of removal "if [ ]he demonstrates a 'clear probability of persecution,' which means it is 'more likely

14  than not' that [ ]he will be persecuted if deported."  *Halaim v. INS*, 358 F.3d 1128, 1132 (9th Cir.

15  2004).  The alien bears the burden of demonstrating that his "life or freedom would be threatened in

16  the proposed country of removal on account of race, religion, nationality, membership in a particular

17  social group, or political opinion."  8 C.F.R. § 208.16(b).

18      Petitioner argues that the IJ did not make an adverse credibility finding against him, and

19  therefore, his testimony must be accepted as credible.  *Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir.

20  2003) (holding that testimony of the applicant, if credible, is sufficient to establish the facts testified

21  without the need for corroboration).  However, "where the IJ has reason to question the applicant's

22  credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating

23  evidence and provides no credible explanation for such failure, an adverse credibility finding will

24  withstand appellate review."  *Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir. 2000).

25  Contrary to petitioner's contention, the IJ did find that his testimony lacked credibility.  Specifically,

26  the IJ found that parts of his testimony where "incredibly vague and lack[ed] detail" and that he

REPORT AND RECOMMENDATION
PAGE – 10

1  "failed to produce any corroborating evidence regarding the specifics of his claim where it was
2  reasonable to expect such."  (Dkt. # 9 at 11-12).

3       The IJ's findings are supported by substantial evidence; the evidence does not establish that
4  petitioner suffered past persecution, nor is it more likely than not that he would be subject to future
5  persecution.  Because he is ineligible for withholding of removal, the Court denies this claim.

6       3.    <u>Convention Against Torture</u>

7       Petitioner next contends that the IJ and the BIA committed legal error in failing to consider
8  his eligibility for relief under the Convention Against Torture ("CAT").  (Dkt. #37 at 13).
9  Respondents argue that petitioner did not exhaust his administrative remedies with regard to this
10  issue.  Petitioner failed to raise a CAT claim before the IJ or the BIA and hence failed to exhaust his
11  remedies.  "Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies
12  with respect to that question and deprives this Court of jurisdiction to hear the matter." *Rashtabadi*
13  *v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994).  This claim is also denied.

14       4.    <u>Untimely Appeal Brief</u>

15       Petitioner finally contends that the BIA violated his right to due process and immigration
16  regulations by refusing to accept his late filed brief.  (Dkt. # 37 at 10).  On March 24, 1999,
17  petitioner appealed the IJ's decision to the BIA.  He explained the reasons supporting his appeal on
18  the Notice of Appeal Form EOIR-26.  Petitioner checked the box on the Notice to indicate that he
19  would file a separate written brief in support of his appeal.  The BIA required petitioner to file his
20  brief on or before January 20, 2000.  Nevertheless, according to the BIA, petitioner failed to file his
21  brief by that deadline or request an extension of time.  The BIA rejected and returned the untimely
22  brief.  The rejection letter contained instructions for filing a motion for consideration of a late-filed
23  brief, but petitioner did not file a motion for reconsideration as directed by the BIA.  On September
24  16, 2002, the BIA affirmed, without opinion, the IJ's decision.

25       The Ninth Circuit has repeatedly held that failure to file a timely brief in support of an appeal
26  to the BIA justifies summary affirmance of the IJ's decision and is not a violation of due process.

REPORT AND RECOMMENDATION
PAGE – 11

1   *See Toquero v. INS*, 956 F.2d 193 (9th Cir. 1992); *see also* 8 C.F.R. § 3.1(d)(2)(i)(E)(authorizing

2   summary dismissal of appeal where party indicates they will file a brief in support of appeal and do

3   not do so in a timely manner).  Accordingly, the Court finds no due process violation when the BIA

4   rejected petitioner's untimely brief.

5                                    **CONCLUSION**

6          Based on the foregoing, the court should DENY petitioner's  Petition for Writ of Habeas

7   Corpus (Dkt. #1) and should GRANT respondents' motion to dismiss.  (Dkt. #34).  A proposed

8   order accompanies this Report and Recommendation.

9          DATED this 1st day of March, 2005.

10

11                                     /s/ Monica J. Benton
                                       MONICA J. BENTON
12                                     United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE – 12