1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                         )
SAMSON YOHANNES,                         )          No. C03-0490L
                                         )
                        Petitioner,      )
            v.                           )
                                         )          ORDER REMANDING MATTER TO
A. NEIL CLARK, *et al.*,                 )          BOARD OF IMMIGRATION APPEALS
                                         )
                        Respondents.     )
_____)

        This matter comes before the Court on "Petitioner's Objections to Report and

Recommendation" of the Honorable Monica J. Benton, United States Magistrate Judge.

Petitioner filed his petition for writ of habeas corpus under 28 U.S.C. § 2241 and the Court,

having reviewed the petition, the Report and Recommendation, petitioner's objections thereto,

and the remaining record, finds and ORDERS as follows:

        (1)  Petitioner timely filed his "Objections" to the Report and Recommendation and

             requested additional time in which to file a memorandum in support. By the time

             the request for an extension was ripe for review, the supporting memorandum had

             already been filed. All of the submitted papers, including respondents'

             "Corrections," have been considered. Petitioner's request for an extension of time

             (Dkt. # 46) is, therefore, GRANTED.

        (2) The Court adopts the Report and Recommendation with regards to petitioner's claims

ORDER REMANDING MATTER TO
BOARD OF IMMIGRATION APPEALS

1    that (a) respondents failed to consider family relationships, rehabilitation, and

2    humanitarian factors in violation of the Due Process and Equal Protection Clauses

3    of the United States Constitution, (b) respondents failed to adopt procedures

4    providing a reasonable opportunity to apply for a waiver in violation of the Due

5    Process and Equal Protection Clauses of the United States Constitution,

6    (c) petitioner is a refugee and is therefore not subject to removal proceedings,

7    (d) deportation to Ethiopia is illegal, and (e) the summary affirmance procedure

8    used by the Board of Immigration Appeals ("BIA") is constitutionally defective.

9    (3) The Court adopts the following findings regarding arguments raised by petitioner in

10    his response to respondents' motion to dismiss: (a) that petitioner is not entitled to

11    withholding of removal; (b) that petitioner failed to exhaust the administrative

12    remedies available for his Convention Against Torture claims; and (c) that the BIA

13    appropriately rejected petitioner's untimely appellate brief.

14    (4) The Court affirms the Magistrate Judge's finding that good cause has not been shown

15    in support of petitioner's request for discovery.

16    (5) The Court also adopts Judge Benton's analysis regarding petitioner's failure to

17    exhaust the judicial remedies associated with his "aggravated felony" argument.

18    Whenever an alien challenges the BIA's finding that he or she falls within one of

19    the jurisdiction-stripping categories set forth in 8 U.S.C. § 1252(a)(2)(C), the

20    Ninth Circuit "retains jurisdiction to determine its jurisdiction." Cazarez-Gutierrez

21    v. Ashcroft, 382 F.3d 905, 909 (9th Cir. 2004).  Contrary to petitioner's argument,

22    there is no reason to believe that the Ninth Circuit's role depends on the type of

23    criminal offense at issue: whether the alien was found to have committed an

24    "aggravated felony" or a "controlled substance offense," a challenge to that finding

25    must be resolved by the Ninth Circuit before a habeas petition can be filed in

26

ORDER REMANDING MATTER TO
BOARD OF IMMIGRATION APPEALS          -2-

1    district court

2    (6) The Court finds, however, that petitioner's Fifth Claim for relief, namely that the BIA

3         failed to follow the governing regulations when it decided to streamline

4         petitioner's appeal, has merit.  Pursuant to 8 C.F.R. § 1003.1(e)(4), the affirmance

5         without opinion mechanism is to be used only when (a) the Immigration Judge's

6         opinion was correct, (b) any errors in the underlying decision were harmless or

7         nonmaterial, and (c) the issues on appeal are squarely controlled by existing

8         precedent or are "not so substantial that the case warrants the issuance of a written

9         opinion."  These criteria are not satisfied here because petitioner's appeal raised

10        issues that were undergoing analysis and revision in the Ninth Circuit during the

11        pendency of petitioner's appeal.  Between the time the Immigration Judge ("IJ")

12        found that petitioner had committed an aggravated felony and the time the BIA

13        issued its summary affirmance, the Ninth Circuit decided United States v. Corona-

14        Sanchez, 291 F.3d 1201, 1209-10 (9th Cir. 2002), which raised serious doubts

15        regarding the IJ's use of the recidivist enhancement to classify petitioner's

16        possession convictions as an "aggravated felony."  Based on Corona-Sanchez, it

17        appears that the precedent on which the IJ relied was no longer good law, that IJ

18        erred in a material way, and that, at the very least, the issues raised in petitioner's

19        appeal warranted a written opinion to distinguish it from, or acknowledge the

20        controlling value of, the new Ninth Circuit precedent.

21    (7) Petitioner's habeas petition is GRANTED.

22    (8) Respondents' motion to dismiss is DENIED.

23    (9) The decision of the BIA is hereby VACATED and this matter is remanded to the

24        Board with instructions to reissue a briefing schedule and provide a substantive

25        review of petitioner's appeal.

26

ORDER REMANDING MATTER TO
BOARD OF IMMIGRATION APPEALS          -3-

1          DATED this 4th day of May, 2005.

2

3

4                         Robert S. Lasnik
                           United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER REMANDING MATTER TO
BOARD OF IMMIGRATION APPEALS       -4-